UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK MINOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-24-CV-1016-FB (HJB) |
| | § | |
| H & L TIRE AND AUTO/ | § | |
| CASIAS AUTOMOTIVE, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the status of the above case, which was automatically referred to the undersigned for disposition of the application to proceed *in forma pauperis* ("IFP") and a review under 28 U.S.C. § 1915(e), pursuant to this Division's October 8, 2019, Standing Order. (*See* Text Entry dated September 10, 2024.) For the reasons set out below, I recommend that this case be **DISMISSED**, and that the IFP motion (Docket Entry 1) be **DENIED AS MOOT**.

Under § 1915, the Court is required to dismiss a complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid dismissal, a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). As to any alleged cause of action, a plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.,* 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal-Mart, Inc.–Store No. 155,* 681 F.3d 614, 617 (5th Cir.

2012)).  A complaint does not require detailed factual allegations, but it must contain enough to "raise a right to relief above a speculative level."  *Twombly,* 550 U.S. at 555.  The plaintiff must present more than labels, conclusions, and formulaic recitations of the elements to avoid dismissal.  *Id.*  The complaint must also plainly show the basis for the Court's jurisdiction, because federal courts have "limited jurisdiction" and "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see generally* FED. R. CIV. P. 8(a) (setting out requirements for a federal complaint).

In this case, Plaintiff's motion to proceed IFP includes an attached form complaint entitled "Alleging Breach of Contract (28 U.S.C. § 1332; Diversity of Citzenship)."  (Docket Entry 1-1.) However, the form complaint provides no statement of his claims and requests no relief.  (*Id.* at 4.)  In fact, with the exception of the name and address of the Defendant, the complaint is completely blank.  Accordingly, it neither states a claim for relief, nor shows diversity of citizenship or any other basis for this Court's jurisdiction.

As a *pro se* litigant, Plaintiff was entitled to an opportunity to amend his complaint to state a claim for relief over which this Court could exercise jurisdiction.  *Neitzke v. Williams*, 490 U.S. 319, 329 (1989).  The undersigned therefore ordered that Plaintiff file a proposed amended complaint by October 18, 2024, plainly stating a claim for relief against Defendant and including a short and plain statement of the grounds for the Court's jurisdiction.   (Docket Entry 3, at 2.) Plaintiff was admonished that failure to do so could result in dismissal for failure to prosecute or comply with the Court's orders.  *See* FED. R. CIV. P. 41(b).  (*Id.*)

The deadline for response has passed, and Plaintiff has not responded to the Court's order; in fact, he has filed no documents with the Court at all.  As such, Plaintiff's case should be

dismissed for failure to state a claim for relief under § 1915(e)(2)(B)(ii), and for want of prosecution under Rule 41(b). Plaintiff's motion to proceed IFP may therefore be denied as moot.

Based on the foregoing, I recommend that this case be **DISMISSED** and that Plaintiff's application to proceed IFP (Docket Entry 1) be **DENIED AS MOOT**.

### Notice of Right to Object

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **fourteen (14) days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Servicing LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking

on appeal the unobjected-to, proposed findings and conclusions accepted by the district court.

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on November 14, 2024.

Henry J. Bemporad
United States Magistrate Judge